**OXFELD COHEN, PC**
60 Park Place, 6th Floor
Newark, New Jersey 07102
(973) 642-0161
Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DISTRICT 1199J, NEW JERSEY HEALTH CARE EMPLOYERS PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>PRINCETON CARE CENTER,<br><br>Defendant. | Civil Action No.:<br><br><br>**COMPLAINT**<br>**AND**<br>**JURY DEMAND** |

## I.   NATURE OF CLAIM

1.      Plaintiff brings this action pursuant to 29 U.S.C. ¶1145 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. ¶ 1001 et seq.  It seeks to enforce obligations of the Defendant, Princeton Care Center, ("Princeton"), to make unpaid interest payments to Plaintiff, District 1199J, New Jersey Health Care Employers Pension Fund ("Pension Fund").

2.      In this action, Plaintiff seeks declaratory judgment, payment of unpaid accrued interest on the late payment of payroll contributions, liquidated damages, injunctive relief, reasonable attorney's fees, and such other legal or equitable relief as the Court deems necessary and proper.

## II.   JURISDICTION

3.     Jurisdiction of this Court is invoked pursuant to 29 U.S.C. ¶ 1132 of ERISA, entitled "Civil Enforcement," and 29 U.S.C. § 185 of the Labor Management Relations Act ("LMRA").  Venue properly lies in this district under ERISA, 29 U.S.C. § 1132(e)(2).

## III.   PARTIES

4.     Plaintiff is an employee pension plan within the meaning of ERISA.  It is located at 9-25 Alling Street, Newark, New Jersey 07102.  Defendant Princeton is an employer with a bargaining unit of employees within the meaning of the National Labor Relations Act ("Act"), 29 U.S.C. 151 et seq., and is an employer within the meaning of ERISA.  Defendant is located at 728 Bunn Drive, Princeton, New Jersey 08540.

## IV.   STATEMENT OF FACTS

5.     Princeton is a participant in an Agreement and Declaration of Trust ("Trust") for the Pension Fund.  Article II, Section 2.3 of the Trust, entitled "Employer Contributions," provides that:

> "Each employer shall contribute to the Fund in accordance with its obligations under the applicable Collective Bargaining Agreement entered into with the Union.  An Employer shall not be required to make any contribution except as provided in the Collective Bargaining Agreement to which the Employer is a party.  The contributions shall be paid to the Fund or such other depository as the Trustees shall designate only by check, bank draft, money order, or other negotiable recognized written method of transmitting money.  The contributions shall be submitted together with forms prepared and approved by the Trustees and shall be made periodically at such times as the Trustees shall specify by Rules and Regulations and as may be provided in the applicable Collective Bargaining Agreement.  Upon full payment of contributions to the Fund, all responsibilities of the Employer for each contribution shall cease, and the Employer shall have no responsibilities for the acts of the Trustees, nor shall an Employer be obliged to see to the application of any funds or property of the Trust or to see that the terms of the Trust have been

complied with.  Anything hereunder to the contrary notwithstanding, the Trustees shall have the right to establish different plans of benefits for different Employer contribution rates.

6.     Article II, Section 2.4 of the Trust, entitled "Non-payment," provides that:

"No employer shall be responsible for the contributions or other obligations of any other Employer.  The non-payment by an Employer shall not relieve any other Employer or Employers from its or their obligations to make payments."

7.     Article II, Section 2.5 of the Trust, entitled "Power to Collect," provides as follows:

"The Trustees may compel and enforce payment of the Employer Contributions through arbitration before an arbitrator mutually selected by the alleged delinquent Employer and the Trustees from a panel provided by the New Jersey State Board of Mediation.  The Union and the New Jersey Employers may select a permanent Arbitrator to serve for a term of two (2) years.  The cost of said arbitration is to be borne equally by the delinquent Employer and the Fund, unless the Arbitrator shall find that the delinquent Employer has unreasonably withheld payment, in which case the fee of the Arbitrator shall be paid by the delinquent Employer.  The Trustees may also compel and enforce payment of the Employer Contributions in any action or proceeding brought before a court of competent jurisdiction.  The Trustees are further authorized to adopt such reasonable rules for discontinuance and reinstatement of benefits as they may deem necessary."

8.     District 1199J and Princeton Care Center, are parties to a collective bargaining agreement ("Agreement") for a specified bargaining unit.  The article, concerning contributions to the Fund, provides in part as follows:

1.     Effective with the payroll commencing on July 1, 2007, the contribution shall consist of a sum equal to seven and sixty nine hundredths (7.69%) percent of the gross payroll of the Employees for the preceding month exclusive of amounts earned by Employees for the first two (2) months following the beginning of their employment.

2.      Payment shall be due no later than thirty (30) days following the payroll month on which they are based. By way of example, a January contribution shall be based on the payroll for the month of December and shall be made no later than the 30th day of January. Such payments shall be used by the Trustees of the Pension Fund for the purpose of providing Pension or Retirement benefits for Employees as the Trustees of the said Fund may from time to time determine. In the event the trustees approve a lower contribution rate during the life of the Agreement, the rate shall be reduced by the amount set by the trustees.

3.      If a payment or payments are not made in compliance with Section 1 above, the Employer shall, from and after the due date thereof, and until payment of arrears is made, pay interest on such arrears at the rate of Citibank's prime plus two (2%) percent per annum or the maximum permitted by law, whichever is less.

4.      The District 1199J New Jersey Pension Fund shall be held and administered by the terms and provisions of the Agreement and Declaration of Trust and any amendments thereof, which provide for equal representation by the Union and the Employer contribution to said Fund and that any dispute whatsoever that may arise or deadlock that may develop among or between said trustees shall be submitted to arbitration before an Arbitrator or Umpire, except as may be otherwise provided for in said Agreement and Declaration of Trust and his/her decision shall be final and binding.

5.      Such Fund at all times shall take whatever action is necessary to secure and retain approval of the U.S. Internal Revenue Service as a qualified pension fund.

6.      An independent audit of the District 1199J New Jersey Pension Fund shall be made annually and a statement of the results thereof shall be furnished to the Employer.

9.      On June 28, 2008, plaintiff and defendant entered into a Stipulation of Settlement, whereby defendant agreed to satisfy a contribution delinquency to plaintiff.

10.     In paragraph 5 and 6 of the Stipulation of Settlement, it was agreed in part as follows:

"5.     That Princeton will continue to be required to make its contractually mandated monthly payments to the Pension Fund, in addition to the payment of past due contributions ($1050.00 per month).  The failure to make any of the monthly payments referenced in the notice to cure found in paragraph six (6) will result in the full remaining balance on the delinquency, plus contractually calculated interest, being due and owing immediately.

"6.     That Princeton warrants to the Pension Fund a confession of judgment.  In the event that Princeton fails to make any payment agreed to herein, within the timelines agreed to herein, this document can be used by the Pension Fund to enter a judgment against Princeton for the full amount remaining to be paid.  The Fund will give Princeton ten (10) calendar days written notice to cure the delinquency.  No further notice will be required to be given to Princeton."

11.     Princeton is delinquent for accrued interest on the late payment of payroll contributions for the periods January 1, 2013 through May 31, 2018, in the amount of $1,176.17. By letters dated May 15, 2018 and November 8, 2018, the defendant was notified of its delinquency and it did not cure the arrears effective this date.

## V.     COUNT ONE

13.     29 U.S.C. ¶ 1145 of ERISA requires an employer to comply with its obligations to contribute to a multi-employer pension plan.  Section 1145 provides as follows:

> "Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan, or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plans or such agreement."

14.     The contractual obligations of Princeton are found in the Trust, in the Agreement, and in the Stipulation of Settlement.  Princeton has not made contributions under the terms of the Stipulation of Settlement.

15.     Under the terms of the Stipulation of Settlement, defendant is obligated to make full payment on its arrears if it becomes delinquent on any obligations referenced therein.

16.     Princeton is delinquent on its payment of accrued interest on the late payment of its contribution obligations in the amount of $1,176.17.

## VII.    DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1.      Enter judgment that the failure to make appropriate accrued interest on the late payment of contributions into the Fund constitutes a violation of ERISA, the collective bargaining agreement, the Agreement and Declaration of Trust, and the Stipulation of Settlement;

2.      Require the full payment of unpaid accrued interest to the Fund;

3.      Require the payment of an additional amount equal to the greater interest or Liquidated damages;

4.      Require the issuance of an injunction compelling Defendant to satisfy the demands made by Plaintiff, and requiring it to make all appropriate contributions;

5.      Require the payment of reasonable attorney's fees and costs of suits; and

6.      Require such other legal or equitable relief as the Court deems necessary.


                                    Respectfully submitted,
                                    OXFELD COHEN, PC


                                    BY:_____
                                         ARNOLD SHEP COHEN

DATED: November 20, 2018

## CLAIM FOR JURY TRIAL

Plaintiff claims its right to a trial by jury on all issues.

Respectfully submitted,
OXFELD COHEN, PC


BY: _____
ARNOLD SHEP COHEN

DATED: November 20, 2018